MR. JUSTICE MORRISON,
dissenting:
The cases are divided on the question of whether judicial immunity extends to acts of administration. The terminating of an employee is clearly an act of administration. Although I realize there is support for the position of the majority I feel that the better public policy is to recognize that judges, in the treatment of their personnel, are subject to the same rules to which others in society are subject.
Further, I feel that the majority opinion has not adequately treated the issue of whether the county is directly responsible for the plaintiff’s discharge. One important fact omitted from the majority opinion is that Judge McKittrick’s decision to terminate the plaintiff was reviewed and ultimately approved by the county. While the county is immune for Judge-McKittrick’s acts, the county is responsible for its own conduct.
June Mead was employed by Cascade County as a deputy clerk of court in 1976. In 1979 she was assigned to Judge Coder as a personal secretary. When Judge McKittrick decided her services were no longer needed in the judge’s office, the county had the option to reassign her to another position.
We should keep in mind that judgment was here entered on the pleadings. No discovery has been done and judicial intervention at this juncture is premature.
I would reverse and remand to allow discovery to go forward.